IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHINEDU ONYENOBI, § § *Plaintiff* § § v. § § U.S. DEPARTMENT OF HOMELAND § SECURITY, THROUGH ITS SECRETARY, § ALEXANDER MAYORKAS, TRACY RENAUD, § ACTING DIRECTOR, U.S. CITIZENSHIP AND § IMMIGRATION SERVICES, WALLACE § CARROLL, HOUSTON FIELD OFFICE § DIRECTOR, U.S. CITIZENSHIP AND § IMMIGRATION SERVICES, TAE D. JOHNSON, § ACTING DIRECTOR, U.S. IMMIGRATION AND§ CUSTOMS ENFORCEMENT, PATRICK § CONTRERAS, HOUSTON FIELD OFFICE § DIRECTOR, U.S. IMMIGRATION AND § CUSTOMS ENFORCEMENT § | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND APPLICATION FOR INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Chinedu Onyenobi, Plaintiff, to file Plaintiff's Original Complaint and Application for Injunctive Relief showing the Court the following:

**A.  INTRODUCTION**

1. Plaintiff is suing Alexander Mayorkas, Secretary of the U.S. Department of Homeland Security ("USDHS"), Tracy Renaud, Acting Director, U.S. Citizenship and Immigration Services ("USCIS"), Wallace Carroll, USCIS Houston Field Office Director, Tae D. Johnson, Acting Director, U.S. Immigration and Customs Enforcement ("USICE"), and

1

   Patrick Contreras, USICE Houston Field Office Director under the Administrative Procedure Act, 5 U.S.C. § 706 et. seq.

2. Plaintiff is suing because the Defendants confiscated his lawful permanent residence card on October 30, 2015 and did not and have not provided him temporary evidence of lawful permanent residence status as required by the regulation at by 8 C.F.R. § 264.5(g).

3. The Defendants are also directly contravening settled Fifth Circuit precedent which has explained that until there is a final order of deportation, lawful permanent residents are "fully entitled to remain in the United States and seek employment." *Loa-Herrera v. Trominski,* 231 F.3d 984, 988 (5th Cir. 2000).

4. "[F]ederal law guarantees a lawful permanent resident certain rights of documentation they can use to prove, to potential employers and others, their right to be in the United States." *Loa-Herrera v. Trominski,* 231 F.3d 984, 988 (5th Cir. 2000).

## B.  JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1361, 1651, 2441; the Suspension Clause, U.S. Const. art. I, § 2; and 5 U.S.C. § 702.

6. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 706, 28 U.S.C. § 2241 and the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.  A substantial, actual, and continuing controversy exists between the parties.

7. The Defendants have failed to take a discrete agency action that they are required to take and Plaintiff requests that the Court to compel agency action unlawfully withheld. *Norton v. Southern Utah Wilderness Alliance,* 524 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004).  A regulation has the force and effect of law.  *U.S. ex.rel. Accardi v. Shaughnessy,* 347 U.S. 260, 265 (1954).

8. 5 U.S.C. § 702 waives sovereign immunity for actions against federal government agencies seeking non-monetary relief. *Alabama-Coushatta Tribe of Texas v. United States,* 757 F.3d 484, 488 (5th Cir. 2014).

9. 8 U.S.C. § 1252(g) does not strip this Court of jurisdiction because Plaintiff is not challenging a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute a removal order. *Cardoso v. Reno,* 216 F.3d 512 (5th Cir. 2000).

10. 8 U.S.C. § 1252(b)(9) does not strip this Court of jurisdiction because Plaintiff is not asking for review of his order of removal nor challenging any part of the process by which his removability will be determined. *Jennings v. Rodriguez,* 138 S.Ct. 830, 841, 200 L.Ed.2d 122 (2018). 8 C.F.R. § 264.5(g) states in part, "Issuance of evidence of permanent residence to an alien who had permanent resident status when the proceedings commenced shall not affect those proceedings."

11. Likewise, 8 U.S.C. § 1252(a)(5) does not apply because this complaint does not challenge the procedure and substance of an agency determination that is inextricably linked to the order of removal. Nor can it be said that Plaintiff's request is an indirect challenge.

12. Pursuant to 28 U.S.C. § 1391(e), venue is proper in this district because a Defendant resides in the district; a substantial part of the events or omissions giving rise to the claim occurred in this district; and Plaintiff resides in this district and no real property is involved.

13. Plaintiff has standing to bring this action as the Fifth Circuit has recognized that "[g]reen cards 'play a significant role in the day-to-day lives of LPRs'". *Loa-Herrera v. Trominski,* 231 F.3d 984, 987 (5th Cir. 2000).

## C.  PARTIES

14. Plaintiff, Chinedu Onyenobi, is an individual who is a lawful permanent resident of the United States who resides in Houston, Texas.

15. Defendant, Alexander Mayorkas, Secretary of the U.S. Department of Homeland Security ("USDHS"), Defendant, Tracy Renaud, Acting Director, United States Citizenship and Immigration Services ("USCIS"), Defendant, Wallace Carroll, Houston Field Office Director, United States Citizenship and Immigration Services, Defendant, Tae D. Johnson, Acting Director, U.S. Immigration and Customs Enforcement ("USICE"), and Patrick Contreras, USICE Houston Field Office Director, may be served by sending a copy of the summons and this Complaint by certified mail to: (1) Civil Process Clerk, United States Attorney's Office, P.O. Box 61129, Houston, Texas 77208; (2) Merrick B. Garland, U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001; and (3) Office of the General Counsel, United States Department of Homeland Security, 2707 Martin Luther King Jr. Ave SE, Washington, D.C.  20528-0485.

## D.  FACTS

16. Plaintiff was admitted into the United States as a lawful permanent resident on October 8, 2000.  (Exhibit 1)

17. On October 30, 2015, Plaintiff arrived to George Bush Intercontinental Airport and was arrested by DHS.

18. At that time, DHS confiscated Plaintiff's Nigerian passport, his lawful permanent resident card, his Social Security card, and his Texas Driver's License.

19. DHS issued Plaintiff a Notice to Appear in Immigration Court alleging that he was an arriving alien. (Exhibit 2).

20. DHS further alleged that because Plaintiff had been convicted of Forgery in 2008, Plaintiff was subject to removal because he was inadmissible to the United States under Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(2)(A)(i)(I)).

21. Because Plaintiff was an arriving alien, the Immigration Court did not have jurisdiction to grant him a bond.

22. In any case, because Plaintiff was inadmissible by reason of having committed an offense covered in section 1182(a)(2), Plaintiff was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A).

23. Nevertheless, Plaintiff requested that the Houston USDHS Field Office Director exercise his discretion to release Plaintiff under humanitarian parole under 8 U.S.C. § 1182(d)(5)(A).

24. Plaintiff argued that his negative equity of the forgery conviction was outweighed by strong positive equities most notably that Plaintiff was married to a U.S. citizen and had three (3) small U.S. citizen children with her and that she was pregnant at the time. Since that time, Plaintiff and his wife have had two (2) more children.

25. In addition, Plaintiff demonstrated that his two (2) brothers, two (2) sisters, and his parents all lived in Houston and were either lawful permanent residents or U.S. citizens. Plaintiff has no immediate family in Nigeria.

26. Plaintiff further explained that he was eligible to apply for two (2) forms of relief from removal – cancellation of removal for lawful permanent residents and a waiver under 8 U.S.C. § 1182(h) and that the likelihood of removal was low. As a result, he was not a flight risk or a danger to the community.

27. On November 19, 2015, DHS granted Humanitarian Parole under 8 U.S.C. § 1182(d)(5)(A) but it proved to be a pyrrhic victory for Plaintiff. (Exhibit 3).

28. At that time, DHS failed to issue Plaintiff temporary evidence of his lawful permanent resident status as required by the regulation at 8 C.F.R. § 264.5(g). DHS also did not return any of the documentation it had confiscated.

29. "Until deported or excluded LPR's are fully entitled to remain in the United States and seek employment …". *Loa-Herrera v. Trominski,* 231 F.3d 984, 988 (5th Cir. 2000).

30. "[F]ederal law guarantees LPR's certain rights of documentation they can use to prove, to potential employers and others, their right to be in the United States." *Id.*

31. "Section 264.5(g) requires that the INS issue the temporary Form I-551 to persons in exclusion proceedings." *Id.* at 989.

32. As a result, Plaintiff has had no documentation since November 19, 2015 to be able to prove that he could lawfully work even though he was and continues to be a lawful permanent resident.

33. Nor could he afford to hire an attorney of his own choosing free to the Government.

34. On March 4, 2020, an Immigration Judge in Detroit, Michigan ordered Plaintiff removed in absentia.

35. The Immigration Judge in Detroit, Michigan denied Plaintiff's Motion to Reopen.

36. On April 14, 2021, Plaintiff timely filed notice of appeal with the Board of Immigration Appeals. (Exhibit 4).

37. Because Plaintiff's case is on appeal to the BIA, there has been no final administrative order of removal. *Matter of Lok,* 18 I&N Dec. 101 (BIA 1981). As a result, Plaintiff remains a lawful permanent resident at this moment. *Loa-Herrera v. Trominski,* 231 F.3d 984, 988 (5th Cir. 2000).

38. Plaintiff requests that the Court compel the Defendants, as required by the regulation at 8 C.F.R. § 264.5(g) to immediately issue Plaintiff temporary evidence of his lawful permanent resident status.

39. Plaintiff requests that the Court declare Plaintiff's rights and other legal relations.

40. All conditions precedent have been performed or have occurred.

41. In 2015, after Plaintiff was released on Humanitarian Parole and when Plaintiff was not represented by counsel, Plaintiff made numerous inquiries to Defendants to request that they return to him his lawful permanent residence card, his Social Security number, his Texas Driver's License, and his Nigerian passport. Defendants refused and Plaintiff was unable to obtain any documentation, temporary or otherwise, from Defendants to demonstrate his lawful permanent residence status or that he had a Social Security Number or a Texas Driver's License.

42. Prior to filing this lawsuit, Plaintiff have made numerous inquiries to Defendants to request that they issue him temporary evidence of lawful permanent resident status as required by regulation.

43. Having received no response, Plaintiff has been forced to retain the services of an attorney to file this action.

44. Plaintiff is suing Defendants in their official capacities.

45. There is no related current or recent litigation nor are there any directly affected non-parties.

## E. CLAIMS FOR RELIEF

### FIRST CLAIM
### (Violation of APA 706(1))

46. All the foregoing allegations are repeated and realleged as though fully set forth herein.

47. By confiscating Plaintiff's lawful permanent residence card and failing to provide Plaintiff with temporary evidence of his lawful permanent resident status as required by the regulation at 8 C.F.R. § 264.5(g) and by continuing to do so, the Defendants have violated and are violating the Administrative Procedures Act § 706(1).

### SECOND CLAIM
### (Habeas Corpus)

48. All the foregoing allegations are repeated and realleged as though fully set forth herein.

49. By confiscating Plaintiff's lawful permanent residence card and failing to provide Plaintiff who was non-detained with temporary evidence of his lawful permanent resident status as required by the regulation at 8 C.F.R. § 264.5(g) and by continuing to do so, the Defendants violated his rights and continue to violate his rights as a lawful permanent resident, and interfered and continue to interfere with the exercise of the rights and privileges attendant upon that status. Those violations constitute an undue restriction on his liberty and he is entitled to a Writ of Habeas Corpus, freeing him from this unlawful restraint.

### THIRD CLAIM
### (Violation of the Due Process Clause of the Fifth Amendment to the United States Constitution)

50. All the foregoing allegations are repeated and realleged as though fully set forth herein.

51. By confiscating his lawful permanent residence card without providing him a reasonably adequate substitute document and by continuing to do so, Defendants deprived and continue to deprive Plaintiff, a lawful permanent resident of the right to lawfully work for a living and the right to seek and engage in employment and violated and continue to violate the Fifth Amendment to the United States Constitution. *Stidham v. Tex. Comm'n on Private Sec.,* 418 F.3d 486, 491-92 (5th Cir. 2005).

52. By confiscating Plaintiff's Social Security Card and Texas Driver's License without a good faith belief that they establish evidence of unlawful conduct and by continuing to do so, Defendants violate the liberty and due process interests afforded by the Fifth Amendment to the United States Constitution. *Ascencio-Guzman v. Chertoff,* 2009 WL 1064962 at *12.

### FOURTH CLAIM
### (Declaratory Judgment)

53. All the foregoing allegations are repeated and realleged as though fully set forth herein.

54. The confiscation of Plaintiff's lawful permanent resident card and the failure to provide Plaintiff with temporary evidence of his lawful permanent resident status as required by the regulation at 8 C.F.R. § 264.5(g) and the confiscation of Plaintiff's Social Security Card and Texas Driver's License, deprived and continues to deprive Plaintiff of liberty and property interests, without Due Process of Law, and Plaintiff is entitled to declaratory relief, declaring that such conduct was and is a violation of the rights and privileges attendant upon their status as lawful permanent residents of the United States.

### F. REQUEST FOR PRELIMINARY MANDATORY INJUNCTION

55. Plaintiff will likely suffer irreparable injury if the Court does not compel the Defendants to provide Plaintiff with temporary evidence of his lawful permanent resident status as required by the regulation at 8 C.F.R. § 264.5(g) because Plaintiff is not able to support himself or his family or pay for an attorney to represent him in his removal proceedings. Plaintiff faces the prospect of removal from this country.

56. There is no adequate remedy at law because the Government generally has sovereign immunity in a lawsuit for money damages with the exception, for example, of the Tort Claims Act. But Plaintiff in any case is seeking immediate injunctive relief so that he may be able to present documentation of his status as lawful permanent resident so that he may work and have a driver's license among other rights and privileges.

57. There is a substantial likelihood that plaintiff will prevail on the merits given that the Defendants have failed to take a discrete agency action that they are required to take: 8 C.F.R. § 264.5(g) requires the Defendants to produce temporary evidence of Plaintiff's lawful permanent residence status while he is in removal proceedings. *See Santillan v. Gonzalez,* 388 F.Supp.2d 1065, 1079) (N.D.Cal. 2005); *Ascencio-Guzman v. Chertoff,* 2009 WL 1064962 (S.D.Tex. 2009) *citing Etuk v. Slattery,* 936 F.2d 1433 (2nd Cir. 1991).

58. Plaintiff further has a clear right to the relief sought as the Defendants did not comply and are not complying with their statutory and regulatory duties.

59. Lawful permanent residents are authorized to work in the United States. *Loa-Herrera v. Trominski,* 231 F.3d 984, 988 (5th Cir. 2000) *citing* 8 U.S.C. § 1324a(a)(1)(A), (h)(3).

60. The harm faced by plaintiff outweighs the harm that would be sustained by defendants if the preliminary injunction were granted because plaintiff is facing removal and,

by granting injunctive relief, the Court would be compelling the Defendants to take discrete action they are lawfully required to take.

61. Issuance of a preliminary injunction would not adversely affect the public interest but rather would benefit the public interest because the rule of law would be enforced.

62. Plaintiff is willing to post a bond in the amount the Court deems appropriate.

63. Plaintiff asks the Court to set his application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against defendant.

## G. REQUEST FOR PERMANENT INJUNCTION

64. Plaintiff asks the Court to set his application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against the defendants.

## H. PRAYER FOR RELIEF

65. Plaintiff asks this Court to grant the following relief:

   a. Take jurisdiction over this complaint and petition for writ of habeas corpus;

   b. Declare that the actions of the Defendants described above constitute violation of federal regulatory, statutory, and constitutional law;

   c. Order the Defendants to provide Plaintiff with temporary evidence of his lawful permanent resident status as required by the regulation at 8 C.F.R. § 264.5(g);

   d. Grant the Plaintiff a Writ of Habeas Corpus, ordering Defendants to free them from the unlawful restraints which they have placed upon them, by providing Plaintiff with temporary evidence of his lawful permanent resident status as required by the regulation at 8 C.F.R. § 264.5(g);

e.     Grant the Plaintiff both preliminary and permanent injunctive relief and order the Defendants to provide Plaintiff with temporary evidence of his lawful permanent resident status as required by the regulation at 8 C.F.R. § 264.5(g);

f.     Grant an award of reasonable attorneys' fees and costs including attorney's fees under the Equal Access to Justice Act; and

g.     Grant such other relief as may be just and reasonable.

DATED this 30th day of July, 2021.

Respectfully submitted,

/s/James P. McCollom, Jr.
James P. McCollom, Jr.
Attorney-in-charge
State Bar No. 13431960
Southern District of Texas Bar No.
10900 Northwest Freeway, Suite 108
Houston, Texas  77092
(713) 957-3999
(713) 583-8777 fax
james@mccollomlaw.com

Attorney for Plaintiff